Filed 2/25/21  P. v. Sullivan CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MARCUS SULLIVAN,<br><br>    Defendant and Appellant. | D078235<br><br><br>(Super. Ct. No. CRN25114) |

APPEAL from an order of the Superior Court of San Diego County, Harry M. Elias, Judge.  Affirmed.

Marcus Sullivan, in pro. per.; and Marcia R. Clark, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In April 1994, Marcus Sullivan pleaded guilty to first degree murder committed during a robbery and admitted he was armed with, and personally used a firearm (Pen. Code,[1] §§ 187, subd. (a), 211, 12022, subd. (a), & 12022.5, subd. (a)).  Sullivan pleaded guilty to conspiracy (§ 182, subd. (a)(1)),

---

[1]     All further statutory references are to the Penal Code.

robbery, and burglary (§§ 211, 459). In his change of plea, Sullivan admitted he was the person who shot the victim causing death.

Sullivan also pleaded guilty to multiple offenses in a consolidated case not involving homicide.

Sullivan was sentenced to life in prison without the possibility of parole.

Sullivan appealed and this court affirmed the judgment in an unpublished opinion. (*People v. Sullivan* (Oct. 4, 1995, D021436) [nonpub. opn.].)

In 2020, Sullivan filed a petition for resentencing under section 1170.95. The trial court found Sullivan had failed to present a prima facie case for relief and denied the petition.

Sullivan filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered Sullivan the opportunity to file his own brief on appeal. Sullivan has responded with a letter brief, which we will discuss below.

## STATEMENT OF FACTS

The facts of the offense are fully set forth in our prior opinion. We will include the summary of the facts from the appellant's opening brief to provide background.

The following facts were admitted by appellant in the course of his guilty plea to the felony murder case:[2]

---

[2] Since the consolidated case is based on charges unrelated to this petition, those facts are not summarized here.

On February 22, 1993, Sullivan and co-defendant Charles Waddey agreed to commit a robbery. Sullivan armed himself with a 30-30 rifle, and Waddey carried a hand gun. Both wore bandanas. They drove to the Stop N Go Market in Oceanside and Waddey held one of the clerks at gunpoint while Sullivan trained his rifle on the other clerk, Angel A. Sullivan shot and killed Angel A. while Waddey robbed the other clerk.

As they fled the scene, Sullivan saw that two people in a car parked in front of the store were watching him. He pointed the rifle at them briefly, asked, "What are you looking at?" then ran to the getaway car.

Based on these admissions, the trial court denied Sullivan's petition for resentencing pursuant to section 1170.95.

DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following possible issue that was considered in evaluating the potential merits of this appeal: Did the trial court err in concluding appellant failed to establish a prima facie case for relief.

Sullivan's submission does not address the order denying his petition under section 1170.95. Instead he complains about his original guilty plea, which was upheld in our previous opinion on direct appeal. Sullivan's submission does not raise any arguable issues for reversal on appeal.

We have reviewed the entire record as mandated by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Sullivan on this appeal.

DISPOSITION

The order denying Sullivan's petition for resentencing under section 1170.95 is affirmed.

HUFFMAN, J.

WE CONCUR:

BENKE, Acting P. J.

IRION, J.

4